**David R. Jenkins, #95301**
**DAVID R. JENKINS, P.C.**
**8050 N. Palm Ave., Suite 300**
**Fresno, California 93711**
**Telephone: (559) 264-5695**
**Facsimile: (559) 264-5693**
**E-mail: david@drjbklaw.com**

Attorney for Plaintiffs,
Ajitpal Singh and Jatinderjeet Kaur Sihota

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the matter of<br><br>AJITPAL SINGH and<br>JATINDERJEET KAUR SIHOTA,<br><br>Debtors. | Case No. 20-10945-A-12<br>Chapter 12 |
| JASKARAN SIHOTA, KEWAL SINGH and JASWINDER KAUR,<br><br>Plaintiffs,<br><br>vs.<br><br>AJITPAL SINGH and<br>JATINDERJEET KAUR SIHOTA,<br><br>Defendants. | Adv. Pro. No. 20-01041-A<br><br>DCN: DRJ-1<br><br>Date: March 11, 2021<br>Time: 11:00<br>Dept A, Judge Niemann<br>Fifth Floor, Crt 11<br>2500 Tulare Street<br>Fresno, CA 93721 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**

**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

**PURSUANT TO FRCP 12(c)**

**TABLE OF CONTENTS**

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. LEGAL BASES FOR AND NATURE OF THE RELIEF AVAILABLE
ON A MOTION FOR JUDGMENT ON THE PLEADINGS. . . . . . . . . . . . . . . . 1

III. LEGAL BASES FOR AND NATURE OF THE RELIEF AVAILABLE
ON A MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM . . . . . . . . 2

IV. REQUIREMENTS TO PLEAD FRAUD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

V. COMPARATIVE ANALYSIS OF PLAINTIFFS' COMPLAINT AND
LEGAL REQUIREMENTS TO STATE A CLAIM FOR FRAUD . . . . . . . . . . . 4

VI. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## TABLE OF AUTHORITIES

**Federal Statutes**
11 USC 523(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9
11 USC 523(a)(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
11 USC 523(a)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8
11 USC 523(a)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9
**Federal Rules Federal Rules**
FRCP 9(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4,7,8,9
FRCP 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3
FRCP 12(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2
FRCP12(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
FRCP 12(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
FRBP 7012(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

**Treatises**
4 Collier on Bankruptcy P 523.12 (16th 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
2 Moore's Federal Practice - Civil § 12.34 (2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
2 Moore's Federal Practice - Civil § 12.34[1][a] (2020). . . . . . . . . . . . . . . . . . . . . . . 1, 3
2 Moore's Federal Practice - Civil § 12.34[1][b] (2020)
  Text accompanying footnote 17. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

2 Moore's Federal Practice - Civil § 12.38 (2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

# I. INTRODUCTION

1. The Defendants Ajitpal Singh ("Ajitpal") and Jatinderjeet Sihota ("Jyoti") individually and jointly have filed a motion for judgment on the pleadings under FRCP 12(c) applicable to this case per FRBP 7012(b). The Defendants' motion requesting the Plaintiffs take nothing by their Complaint is supported by this Memorandum of Points and Authorities which the Defendants are filing and serving concurrently. FRCP 12(c) provides as follows:

> (c) Motion for Judgment on the Pleadings. After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.

# II. LEGAL BASES AND NATURE OF RELIEF AVAILABLE ON A MOTION FOR JUDGEMENT ON THE PLEADINGS

2. The relevant law concerning motions for judgment on the pleadings is accurately and succinctly summarized at 2 Moore's Federal Practice - Civil § 12.38, a complete copy of which is included in the Compendium of Exhibits as Exhibit A.

> "Any party may move for judgment on the pleadings, or the court may act *sua sponte*. In determining the motion, the court may consider any of the pleadings, including the complaint, the answer, and any written instruments attached to them. **If the motion is filed before the answer, the court may treat it as a motion to dismiss under Rule 12(b)(6). Conversely, a motion to dismiss filed after the pleadings close will be treated as a motion for judgment on the pleadings. In fact, any distinction between them is merely semantic because the same standard applies to motions made under either subsection. And, Rule 12(h)(2) expressly allows the Rule 12(b)(6) motion to be made by motion for judgment on the pleadings.**
>
> As with the Rule 12(b)(6) motion, under Rule 12(c) the court must accept the nonmovant's allegations as true; viewing the facts "in the light most favorable to the nonmoving party." Judgment on the pleadings should be granted if the movant "is entitled to judgment as a matter of law." A complaint survives a motion for judgment on the pleadings if it contains sufficient factual matter, accepted as true, to state a claim to relief that is "plausible on its face" (see Ch. 8, General Rules of Pleading ). Because judgment on the pleadings is governed by the same standards as dismissal for failure to state a claim, the rule that a plaintiff need not plead the prima facie elements of a claim to state a plausible claim for relief and survive a motion to dismiss under Rule 12(b)(6) (see § 12.34[1][a]) also applies to a motion for judgment on the pleadings.
>
> 2 Moore's Federal Practice - Civil § 12.38 (2020)**[Emphasis Added**]

> \* \* \*
> Because a motion for failure to state a claim under Rule 12(b)(6) is an analog to the motion for judgment on the pleadings under Rule 12(c), most of the voluminous authority on Rule 12(b)(6) applies to Rule 12(c). In fact, the cases often discuss both motions.
> 2 Moore's Federal Practice - Civil § 12.34[[1][a] (2020)**[Emphasis Added]**

### III. LEGAL BASES FOR AND NATURE OF THE RELIEF AVAILABLE ON A MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

3. The relevant law concerning motions to dismiss for failure to state a claim is accurately and succinctly summarized at 2 Moore's Federal Practice - Civil § 12.34[[1][b], a complete copy of which is included in the Compendium of Exhibits as Exhibit B.

> § 12.34 Failure to State Claim—Rule 12(b)(6) Motion
> [1] Burden of Proof on Defendant
> [a] Defendant Must Show That Complaint Fails to State Claim That Is "Plausible" on Its Face
> \* \* \*
>
> The party moving for dismissal has the burden of showing that no claim has been stated. The opposing party, while entitled to notice and an opportunity to respond, has no obligation to do so. A court may not grant a motion to dismiss on a "default" basis merely because the opposing party has failed to submit a memorandum in opposition to the motion. Rather, once the movant raises the issue, the opposing party may stand on the pleadings, and the court must examine the complaint and determine whether it states a claim as a matter of law.
> \* \* \*
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."
>
> This "plausibility" standard replaces the traditional standard, under which the movant was required to show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." This language emphasizes the limited applicability of Rule 12(b)(6) as the predicate for a final dismissal of the action, a disposition that courts generally disfavor because it summarily terminates cases on their merits. During this threshold review, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."
> \* \* \*
> A Rule 12(b)(6) motion is most often brought to seek dismissal of an entire action, or one or more distinct claims for relief presented within the action. But the scope of the rule is not so limited, and a defendant may seek dismissal as to particular elements of a claim such as one or more categories of damages sought by the plaintiff, even if granting the motion will not entirely dispose of the claim for relief.

[b] Court Will Accept Plaintiff's Factual Allegations as True. For Rule 12(b)(6) purposes, the court must accept the plaintiff's factual allegations as true, drawing all reasonable inferences in plaintiff's favor. The court should construe a plaintiff's allegations liberally, because the rules require only general or "notice" pleading, rather than detailed fact pleading. For example, provided that a pleading states a claim for relief under the plausibility standard, it is not necessary for the pleading to also rebut other possible explanations for the conduct alleged, even if those alternatives might appear to be more likely.

**Liberal construction has its limits, however, because the pleading must at least allege sufficient facts for the court to determine whether some recognized legal theory exists on which relief could be awarded to the pleader. If it fails to do so, a motion under Rule 12(b)(6) will be granted. For example, courts need not cull a "tangled web" of multiple pleadings and multiple actions to determine whether a plaintiff has articulated a meritorious claim. Similarly, the court's duty to liberally construe a plaintiff's complaint is not "the equivalent of a duty to re-write it for her."**

* * *

**Additionally, conclusory allegations or legal conclusions are not entitled to the assumption of truth. A court considering a motion to dismiss can disregard these conclusory allegations and judge the complaint only on well-pleaded factual allegations. While facts must be accepted as alleged, this does not automatically extend to bald assertions, subjective characterizations, or legal conclusions**. The plaintiff need not include evidentiary detail, but must allege a factual predicate concrete enough to warrant further proceedings. On the other hand, "[i]f a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e)."

Consistently with their obligation to construe plaintiffs' allegations liberally, courts will not dismiss for failure to state a claim merely because the complaint requests inappropriate relief, or because it miscategorizes legal theories. Courts apply a similar principle in considering the motion itself—the district court may look beyond the technical nomenclature of the motion to dismiss to reach the substance of the movant's contentions. 2 Moore's Federal Practice - Civil § 12.34[1][a] (2020) **[Emphasis Added]**

* * *

IV. REQUIREMENTS TO PLEAD FRAUD

**Only one express exception to the notice pleading concept appears in the Federal Rules of Civil Procedure: Rule 9(b) requires that the circumstances constituting fraud or mistake be stated with particularity. For instance, in a fraud claim, the pleader is required to specify the time, place, and content of any allegedly false representation, the fact misrepresented, the identity of the perpetrator, and what was obtained or given up as a consequence of the fraud.** 2 Moore's Federal Practice - Civil § 12.34[1][b] (text accompanying footnote 17) (2020)

# V. COMPARATIVE ANALYSIS OF PLAINTIFFS' COMPLAINT AND LEGAL REQUIREMENTS TO STATE A CLAIM FOR FRAUD

4. As is more particularly set forth below, Plaintiffs attempt vigorously, but fail, to allege claims for nondischargeability. Plaintiffs fail to "**specify the time, place, and content of any allegedly false representation, the fact misrepresented, the identity of the perpetrator, and what was obtained or given up as a consequence of the fraud.**"

5. Plaintiffs commence their efforts to state claims for relief with paragraphs 10 through 48 which are described, with a heading, as "FACTS COMMON TO ALL COUNTS." The allegations in the "common counts" start with a historical account of the establishment of the business relationship between Jyoti's father Bhajan and his brothers Jaskaran and Nirmal, sister Jaswinder and three of Bhajan's nephews.

6. There are no accusatory allegations directed specifically to Ajitpal.

7. In Paragraph 22 Plaintiffs allege that "Bhajan and Jyoti represented to the Toronto Group that the properties owned by the LLC were incurring losses during this period. However, the Toronto Group has since learned that this was untrue and that SSS LLC properties made a net profit of $1,628,000 between 2008 and 2012." These allegations fail to specify, as required by Rule 9, the who, time or place of the false representations or the consequence. First, Plaintiffs do not disclose to which of the several Toronto Group partners these representations were made. Second, there is no allegation of when representations were made. Third, there is no allegation of where the representations were made. Fourth, there is no allegation of how or when Plaintiffs learned that the representation of losses was false and the amount of profit earned. Finally, there is no allegation of what was obtained or given up as a consequence of the representations.

8. Paragraphs 25, 26, 27, 28, 29, 30 and 31 allege the dissolution in 2013 of a business entity in which the Toronto Group and Bhajan were jointly involved and allege an agreement to form a corporation under which the Toronto Group would do business. These paragraphs also allege an agreement by Bhajan that he would manage the Toronto Group's new corporation and render prompt periodic accountings for the new corporate entity. These paragraphs also allege failure on the part of Bhajan to perform as agreed. Even if Plaintiffs allegations are true, these allegations may support

1  a dischargeable claim for breach of contract against Bhajan, but do not support a nondischargeable
2  claim for fraud against Bhajan, or any claim against Jyoti.

3       9. Paragraph 27 includes an allegation that Jyoti, along with Bhajan, represented that
4  "Bhajan Singh Farms" was the corporation agreed to be formed for the Toronto Group. It is alleged
5  in the complaint, and denied in Jyoti's answer, that Jyoti made this representation. There is no
6  allegation of where, when, or to which specific individual owner(s) of the Toronto Group, the
7  asserted representations were made by Jyoti. There is no allegation of where the representations
8  were made. There also is no allegation of what was obtained or given up as a consequence of the
9  representations.

10       10. Paragraph 32 contains allegations of discussions between Bhajan and unnamed members
11 of the Toronto Group concerning reducing to writing an oral agreement under which Bhajan was to
12 manage certain of the Toronto Group's properties. Paragraph 32 also contains allegations regarding
13 representations by Bhajan to the Toronto Group that within one year after commencement of the
14 proposed new agreement, he would pay off all of the mortgages encumbering their properties. The
15 "Toronto Group" is an entity comprised of multiple human beings no one or more of whom is
16 identified as the person or persons to whom the representations were made. There is no allegation
17 of where the representations were made or to which members the representation was made. There
18 is also no allegation of what was obtained or given up as a consequence of the representations.

19       11. Section 523(a)(4) of the Federal Bankruptcy Code provides that an individual cannot
20 obtain a bankruptcy discharge from a debt "for fraud or defalcation while acting in a fiduciary
21 capacity, embezzlement, or larceny." 11 U.S.C. §523(a)(4). Fixing a definition of "defalcation" the
22 Supreme Court held that, defalcation includes a culpable state of mind requirement akin to that
23 which accompanies application of the other terms in the same statutory phrase. "We describe that
24 state of mind as one involving knowledge of, or gross recklessness in respect to, the improper nature
25 of the relevant fiduciary behavior." (*Bullock v. BankChampaign, N.A.* (2013) 569 U.S. 267, 269
26 [133 S.Ct. 1754, 1757, 185 L.Ed.2d 922, 925].)
27 \
28

12. In paragraph 44, Plaintiffs allege breaches of fiduciary duties by Defendants owed to Plaintiffs. The complaint contains no allegations giving rise to any fiduciary duties being owed by Ajitpal and Jyoti to the Plaintiffs. Neither Ajitpal nor Jyoti is or was at any relevant time a partner in or owner of an interest in the subject partnership.

13. In paragraph 47, Plaintiffs persist in their argument that retired Judge Broadman's self titled "Final Award" is all the evidence they need to prevail in this and the related adversary proceeding. An arbitrator's award, as such, is entitled to no preclusive effect under California law until it has been confirmed by a state court of competent jurisdiction. "[A]n arbitrator's decision must be subject to some consideration of the merits by a court before it may be given 'full faith and credit' under 28 U.S.C. § 1738"); (*Yin-Ching Houng v. Tatung Co.* (C.D.Cal. 2013) 499 B.R. 751, 760.) This has not yet happened and may never. Arbitrator Broadman reserved certain issues in his award and, as a result, no matter what he titled it, it is not final. The document is neither an award nor a judgment. In addition, because the self titled "Final" Award, reserved issues including attorney's fees and costs, it does not qualify as an award, let alone a judgment. See, *Lonky v. Patel* July 2, 2020, Nos. B295314, B297632)) 51 Cal. App.5th 831[2020 Cal. App. LEXIS 617, at *1], The court held that a ruling in which the arbitrator determined the amount of damages was not an award (Code Civ. Proc., § 1283.4) because it did not fix the amount of attorney fees and costs; therefore, it did not determine all issues necessary to the resolution of the parties' controversy and was an interim ruling that remained subject to modification by the arbitrator prior to the issuance of a final award. The arbitrator in the case under consideration now, reserved jurisdiction over various issues, including attorney's fees and costs, apportionment, and jurisdiction in general. As a consequence, the arbitrator's decision was neither an award nor a judgment and its factual findings and legal reasoning are not entitled to any preclusive effect in connection with subsequent litigation such as this adversary proceeding.

14. The Plaintiffs' allegations in paragraphs 49 to 56 attempt to state, as a First Claim for Relief, a claim for false pretenses, false representations or actual fraud as grounds for nondischargeability of debt. The allegations "are insufficiently pleaded because they fail to adequately describe the contents of the communications; specifically, they fail to detail time, place

and manner of "each act of fraud*."" See (Bryant v. Mattel)* (C.D.Cal. 2007) 573 F.Supp.2d 1254, 1264.) The only detail concerning time that the Plaintiffs provide is "between 2010 and 2017." Precision is required. The reasoning underlying the requirement that the time when something occurred be alleged is that in the context of a specific time frame, memories of what happened are more likely to be accurate. Use of a seven year time frame with a mnemonic device aimed at accurately recalling what was said when and to whom, is equivalent to not providing a time at all and has not met the specificity requirement of Rule 9.

15. In paragraphs 40 through 48 Plaintiffs allege the commencement of a law suit against the Defendants in the Fresno County Superior Court and describe the various claims asserted in that lawsuit. In paragraph 48 Plaintiffs make reference to "entry" of the arbitration "award." For the reasons set forth in paragraph 12 of these points and authorities the arbitrator's self titled "final award" merits no preclusive effect under state law. The allegations and proceedings concerning the state court lawsuit and the "final award" have no significance to the claims being pursued in this proceeding.

16. The Plaintiffs' allegations in paragraphs 57 to 62 attempt to state, as a Second Claim for Relief against Jyoti only, a claim for fraud while acting in a fiduciary capacity. This is a status based claim. In other words the claim is based on Jyoti's alleged status as a fiduciary with respect to the Plaintiffs. The Plaintiffs allege that Jyoti is a fiduciary as to them because she was a manager of the family based farming enterprise, she worked for her father who was the appointed business manager for the farming enterprise and because of her familial ties to the plaintiffs—her father was a senior family member to them. Plaintiffs analysis of what "in a fiduciary capacity" means conflicts with binding case law.

> "[I]n the end, this court must of course follow the path laid out by the Ninth Circuit. And that path is a conservative one, requiring some sort of actual trust relationship, not just a generalized duty of loyalty. Even the Arizona cases recognize distinctions--not appearing in this case--which carry more responsibility than that of an employee to his/her employer.

\\\
\\

7

> The issue is one of first impression for this court, and perhaps one for the reported cases in the Circuit. In its review of the cases, this court must conclude that 11 U.S.C. § 523(a)(4) would not, under current Ninth Circuit law or Arizona law, rise to the level--for a bankruptcy non-dischargeability action--of including an employee-employer relationship.
> *Braden Trust v. Chavez (In re Chavez)*, 430 B.R. 890, 897 (Bankr. D. Ariz. February 23, 2010)

17. That the claims the Plaintiffs attempt to assert against Jyoti, in their Second Claim for Relief do not qualify for treatment as claims for fraud while acting in a fiduciary capacity does not mean they cannot otherwise be claimed to be nondischargeable. If the facts support it, these claims may be nondischargeable as claims for damages resulting from Debtor's fraudulent conduct. To pursue such a defense, Plaintiffs are required to have included in their claim for relief, the time, place, and content of any allegedly false representation, the fact misrepresented, the identity of the perpetrator, and what was obtained or given up as a consequence of the fraud. Plaintiffs made no such allegations with the required particularity.

18. Paragraphs 63 to 67 attempt assert against Jyoti as a Third Claim for Relief, a claim for willful and malicious injury pursuant to 11 USC Section 523(a)(6). Plaintiffs impermissibly seek to use Section 523(a)(6) to circumvent the particularity requirements of Rule 9. The manner in which Section 523(a)(6) functions is described as follows in Collier on Bankruptcy:

> Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." A debt arising from the unlawful conversion of the property of another is not specified as nondischargeable in section 523(a) because "willful and malicious injury" covers a "willful and malicious conversion." Section 523(a)(6) uses the word "entity" instead of "person" because the former is broader than the latter. "Person" includes an individual, partnership, and corporation, while "entity" includes a person, estate, trust, and a governmental unit.
>
> [1] Relationship to Other Subsections of Section 523(a)
> Section 523(a)(6) generally relates to torts and not to contracts. By its terms, it may apply to a broad range of conduct causing harm to people or property, subject to the limitation that the injury be "willful and malicious." Conduct that may give rise to a nondischargeable debt under section 523(a)(6) may also be nondischargeable under other subsections of section 523(a). For example, debts procured by fraud may be nondischargeable under section 523(a)(6) as arising from conduct causing willful and malicious injury to an entity or property of an entity. Four other

subsections of section 523(a) make different sorts of debts procured by fraud nondischargeable. **Consequently, in considering claims of nondischargeability under section 523(a)(6) arising from conduct which may give rise to nondischargeability of a debt under other subsections of section 523(a), courts must be careful to preserve the elements of nondischargeability and limitations on nondischargeability found in other, more specific other subsections of section 523(a) to prevent section 523(a)(6) from rendering superfluous those other subsections.** For example, under section 523(a)(2)(B), a false statement concerning the financial condition of the debtor or an insider may give rise to a nondischargeable debt only if the statement was in writing. The courts have held that section 523(a)(6) cannot be used to circumvent section 523(a)(2)(B)'s requirement of a writing and that a debtor's oral misrepresentations concerning his financial condition cannot give rise to a nondischargeable debt under section 523(a)(6)."
4 Collier on Bankruptcy P 523.12 (16th 2020)

## VI. CONCLUSION

19. In conclusion, Plaintiffs attempted to state three claims for relief without success due to their inability to allege the facts underlying their claims with adequate particularity. None of the claims for relief allege facts with particularity against Ajitpal. Plaintiffs attempted to state claims for relief against Jyoti with a reference to her name, but no particularity as to any of the allegations as required by Rule 9.

Wherefore, Defendants Ajitpal Singh and Jatinderjeet Sihota individually and jointly request that the Plaintiffs take nothing by their complaint, and that the Complaint be dismissed with prejudice.

Dated: January 31, 2021          **/s/ David R. Jenkins**
                                  David R. Jenkins,
                                   Attorney for Defendants,
                                  Ajitpal Singh and Jatinderjeet Sihota